**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Kingsley Lloyd BOWEN, Defendant—**
**Appellant.**

**No. 10–10547.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 20, 2012.*

Filed April 24, 2012.

Krissa Marie Lanham, Glenn Brian McCormick, Assistant U.S., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Mark Paige, Paige Law Firm, Phoenix, AZ, for Defendant–Appellant.

Before: SCHROEDER, THOMAS, and GRABER, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM** \*\*

Kingsley Lloyd Bowen appeals his convictions of Conspiracy to Possess with Intent To Distribute 1,000 Kilograms or More of Marijuana (21 U.S.C. §§ 846; 841(a)(1); 841(b)(1)(A)(vii)); Conspiracy to Launder Monetary Instruments (18 U.S.C. § 1956(h)); Conspiracy to Destroy or Remove Property to Prevent Seizure (18 U.S.C. § 371); and Destruction or Removal of Property to Prevent Seizure (18 U.S.C. § 2232(a)). Because the parties are familiar with the history of the case, we need not recount it here. We affirm the district court.

## I

The district court did not abuse its discretion by denying Bowen's motion to continue his sentencing hearing. A district court has "broad discretion" to grant or deny a continuance. *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir.2010). Its decision "will not be disturbed on appeal absent clear abuse of that discretion." *Id.* at 1126–27 (internal quotation marks omitted). The district court did not abuse its discretion by denying the motion for a continuance because Bowen had enough time to analyze the error found in Exhibit 299, and he did not specifically explain why a continuance would have been necessary given his familiarity with Exhibit 299 and the underlying shipping records. *See United States v. Sarno*, 73 F.3d 1470, 1493 (9th Cir.1995) (Although "additional time can often be put to good use," "general allegations that a continuance would have allowed [the defendant] to prepare a better defense … are insufficient to allow [the Court] to find an abuse of discretion.").

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## II

The district court did not abuse its discretion by declining to construe Bowen's motion for continuance as a motion for a new trial. A "motion must state the grounds on which it is based and the relief or order sought." FED.R.CRIM.P. 47(b). Bowen clearly requested a continuance of his sentencing, not a new trial. Indeed, Bowen's motion in response to the government's Notice of Errata was titled "Request for Continuance of Sentencing."

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.